UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STRAYFIELD LIMITED,

        NO. CIV. S-11-2631 LKK/GGH

    Plaintiff,

    v.

        O R D E R

RF BIOCIDICS, INC., and
ALLIED MINDS, INC.,

    Defendants.
_____/

This case arises out of the alleged theft, by defendants Allied Minds, Inc. and RF Biocidics, Inc., of plaintiff Strayfield Limited's trade secrets, and of plaintiff's confidential and proprietary information. Plaintiff sues pursuant to: (i) the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 et seq.; (ii) common law misappropriation; and (iii) California's Unfair Competition Law ("UCL"), Cal. Civ. Code §§ 17200 et seq. Defendants' dismissal motions came on for hearing on January 17, 2012. For the reasons set forth below, the motions

////

////

1

will be denied.[1]

**I.**

Defendant Allied moves to dismiss the complaint, asserting that plaintiff lacks Article III standing. In fact, plaintiff alleges that it suffered concrete economic injury as the result of the conduct of defendant Allied (as well as defendant RF Biocidics), and it seeks relief capable of redressing that injury. No more is required to allege standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (standing elements are injury in fact, causality and likelihood of redress). Allied's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of Article III standing is therefore **DENIED**.

**II.**

Defendants Allied and RF Biocidics move to dismiss plaintiff's state claims, for misappropriation and unfair competition, for failure to state a claim, on the grounds that they are preempted by the CUTSA. Even assuming that defendants are correct that the California Uniform Trade Secrets Act (CUTSA) fully occupies the area of state trade secrets law, they have not shown that CUTSA preempts common law misappropriation claims and unfair competition law claims that pertain to intellectual property other than trade secrets. See United States Golf Assn. v. Arroyo Software Corp., 69 Cal. App.4th 607, 618 (3rd Dist. 1999) (discussing

---

[1] Plaintiff does not oppose defendants' motions to dismiss its claims for Constructive Trust and for an Accounting. Those motions will be granted.

2

misappropriation as a claim separate and apart from trade secret claim) (citations omitted); City Solutions, Inc. v. Clear Channel Communications, 365 F.3d 835, 842 (9th Cir. 2004) (treating unfair competition claim as a claim separate and apart from trade secret claim).  At this stage, the court cannot disregard plaintiff's allegations that defendants misappropriated non-trade secret intellectual property, as that is a factual matter inappropriate for resolution at this stage.[2]  Defendants' Rule 12(b)(6) motions are therefore **DENIED**.

### III.

Defendants Allied and RF Biocidics move to dismiss the CUTSA and UCL claims on the grounds that the complaint does not specify what conduct each defendant is alleged to have engaged in, thus violating Fed. R. Civ. P. 8(a).  Defendants complain they they do not know which allegations apply to which defendant, and that they do not know what plaintiff means by "Defendant" and what it means by "Defendants."  Defendants' confusion is difficult to understand.  The Complaint is a short and plain statement setting forth in detail what conduct each defendant allegedly engaged in, and the first paragraph of the complaint defines the terms "Defendant" and "Defendants."  Defendants' motions to dismiss for failure to comply with Rule 8(a) are therefore **DENIED.**

### CONCLUSION

Defendants' dismissal motions (Dkt. No. 25) are resolved as

---

[2] Plaintiff has specifically excluded from these claims, any allegations that defendants stole their trade secrets.

3

follows:

1.  Defendants' motions to dismiss the causes of action for Constructive Trust and Accounting are **GRANTED.**

2.  Plaintiff shall file an amended complaint without the dismissed causes of action, no later than fourteen (14) days from the date of this order.

3.  Defendants' remaining motions to dismiss are **DENIED**.

IT IS SO ORDERED.

DATED: January 18, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4