UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STRAYFIELD LIMITED,

        Plaintiff,

    v.

RF BIOCIDICS, INC., and
ALLIED MINDS, INC.,

        Defendants.
_____/

NO. CIV. S-11-2631 LKK/GGH

O R D E R

This case arises out of the alleged theft, by defendants Allied Minds, Inc. and RF Biocidics, Inc., of plaintiff Strayfield Limited's trade secrets, and of plaintiff's confidential and proprietary information. Plaintiff sues pursuant to: (i) the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 et seq.; (ii) common law misappropriation; and (iii) California's Unfair Competition Law ("UCL"), Cal. Civ. Code §§ 17200 et seq. Defendants' dismissal motions came on for hearing on January 17, 2012. For the reasons set forth below, the motions
////
////

1

1  will be denied.[1]

2                                    **I.**

3      Defendant Allied moves to dismiss the complaint, asserting

4  that plaintiff lacks Article III standing.  In fact, plaintiff

5  alleges that it suffered concrete economic injury as the result of

6  the  conduct  of  defendant  Allied  (as  well  as  defendant  RF

7  Biocidics), and it seeks relief capable of redressing that injury.

8  No more is required to allege standing.  See Lujan v. Defenders of

9  Wildlife, 504 U.S. 555, 560-61 (1992) (standing elements are injury

10 in fact, causality and likelihood of redress).  Allied's Fed. R.

11 Civ. P. 12(b)(1) motion to dismiss for lack of Article III standing

12 is therefore **DENIED**.

13                                   **II.**

14     Defendants Allied and RF Biocidics move to dismiss plaintiff's

15 state  claims,  for  misappropriation  and  unfair  competition,  for

16 failure to state a claim, on the grounds that they are preempted

17 by the CUTSA.  Even assuming that defendants are correct that the

18 California Uniform Trade Secrets Act (CUTSA) fully occupies the

19 area of state trade secrets law, they have not shown that CUTSA

20 preempts common law misappropriation claims and unfair competition

21 law claims that pertain to intellectual property other than trade

22 secrets.  See United States Golf Assn. v. Arroyo Software Corp.,

23 69  Cal.  App.4th  607,  618  (3rd  Dist.  1999)  (discussing

24 _____

25     [1] Plaintiff does not oppose defendants' motions to dismiss its
   claims for Constructive Trust and for an Accounting.  Those motions
26 will be granted.

                                    2

1    misappropriation as a claim separate and apart from trade secret

2    claim) (citations omitted); <u>City Solutions, Inc. v. Clear Channel</u>

3    <u>Communications</u>, 365 F.3d 835, 842 (9th Cir. 2004) (treating unfair

4    competition claim as a claim separate and apart from trade secret

5    claim).   At this stage, the court cannot disregard plaintiff's

6    allegations  that  defendants  misappropriated  non-trade  secret

7    intellectual property, as that is a factual matter inappropriate

8    for resolution at this stage.[2]  Defendants' Rule 12(b)(6) motions

9    are therefore **DENIED**.

### III.

11   Defendants Allied and RF Biocidics move to dismiss the CUTSA

12   and UCL claims on the grounds that the complaint does not specify

13   what conduct each defendant is alleged to have engaged in, thus

14   violating Fed. R. Civ. P. 8(a).  Defendants complain they they do

15   not know which allegations apply to which defendant, and that they

16   do not know what plaintiff means by "Defendant" and what it means

17   by "Defendants." Defendants' confusion is difficult to understand.

18   The Complaint is a short and plain statement setting forth in

19   detail what conduct each defendant allegedly engaged in, and the

20   first paragraph of the complaint defines the terms "Defendant" and

21   "Defendants."  Defendants' motions to dismiss for failure to comply

22   with Rule 8(a) are therefore **DENIED.**

### CONCLUSION

24   Defendants' dismissal motions (Dkt. No. 25) are resolved as

---

26   [2] Plaintiff has specifically excluded from these claims, any
allegations that defendants stole their trade secrets.

follows:

1.    Defendants' motions to dismiss the causes of action for Constructive Trust and Accounting are **GRANTED.**

2.    Plaintiff shall file an amended complaint without the dismissed causes of action, no later than fourteen (14) days from the date of this order.

3.    Defendants' remaining motions to dismiss are **DENIED.**

IT IS SO ORDERED.

DATED:   January 18, 2012.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4